OPINION
{¶ 1} Defendant-appellant, Joshua S. McCarty, appeals his convictions for robbery, felonious assault, and a firearm specification for which he received consecutive prison terms totaling 15 years.
 {¶ 2} As his sole assignment of error, McCarty claims the trial court erred by sentencing him to post-release control when it failed to advise McCarty at his sentencing hearing that he would be subject to post-release control.
 {¶ 3} McCarty pled guilty to two second-degree felony counts which require the imposition of a three-year term of post-release control. See R.C. 2967.28(B). When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the accused at the sentencing hearing about post-release control requirements. State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, paragraph one of the syllabus. During the sentencing hearing, the trial court failed to advise McCarty that he would be subject to post-release control upon completion of his prison sentence, but imposed a term of post-release control in its sentencing entry.
 {¶ 4} Under these circumstances, the trial court failed to comply with the mandatory provisions of R.C. 2929.19(B)(3). We are required to vacate the sentence and remand the matter to the trial court for resentencing. State v. Jordan at paragraph two of the syllabus. The state concedes the error and requests that the case be remanded for resentencing.
 {¶ 5} Accordingly, McCarty's assignment of error is well-taken. McCarty's convictions are affirmed. The sentence, however, is hereby vacated and the matter remanded to the trial court for resentencing.
Powell, P.J., and Young, J., concur.