OPINION
{¶ 1} Appellant, Joshua S. McCarty, appeals the decision of the Butler County Court of Common Pleas denying his motion to declare post-release control unconstitutional. We affirm.
 {¶ 2} On May 25, 2005, appellant was convicted of one second-degree felony count of robbery and one second-degree felony count of felonious assault with a gun specification. The trial court sentenced him to an aggregate of 15 years in prison, as well as a mandatory *Page 2 
three-year period of post-release control for the offenses. Appellant timely appealed his conviction and sentence to this court, arguing the trial court erred by failing to inform him during his sentencing hearing that he would be subject to post-release control upon his release from prison. On February 27, 2006, this court affirmed appellant's conviction, but vacated his sentence based upon the trial court's failure to properly inform him regarding post-release control in accordance with R.C. 2929.19(B)(3).[1]
 {¶ 3} Accordingly, the trial court scheduled a new sentencing hearing for March 22, 2006. Prior to the hearing, however, appellant filed a motion requesting the trial court to declare post-release control unconstitutional pursuant to the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The trial court denied appellant's motion during the sentencing hearing and proceeded to sentence him to two seven-year prison terms for the robbery and felonious assault offenses, and a one-year prison term for the gun specification, all to be served consecutively. The trial court also sentenced appellant to a mandatory three-year period of post-release control after properly advising him during his sentencing hearing that he would be subject to post-release control upon his release from prison.
 {¶ 4} Appellant now appeals the trial court's decision denying his motion to declare post-release control unconstitutional, raising the following assignment of error.
 {¶ 5} "THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO A TRIAL BY JURY WHEN IT DENIED HIS MOTION TO DECLARE POST-RELEASE CONTROL TO BE UNCONSTITUTIONAL AND IMPOSED THREE YEARS OF MANDATORY POST-RELEASE CONTROL."
 {¶ 6} In his sole assignment of error, appellant challenges the constitutionality of *Page 3 Butler CA2006-04-093 Ohio's post-release control statutes[2] in five respects, all premised upon the Ohio Supreme Court's decision inFoster. Specifically, appellant argues post-release control is unconstitutional because it exceeds the "statutory maximum" defined inFoster, "violates" a trial court's discretion to impose sentences within the statutory range, permits fact-finding by the Adult Parole Authority ("APA"), permits the APA to utilize an "impermissible grid" in sentencing violators and permits the APA to make findings according to a "preponderance of the evidence" standard during violation hearings. We find each of these arguments without merit.
 {¶ 7} As an initial matter, "[a]n enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible."Woods v. Telb, 89 Ohio St.3d 504, 510-511, 2000-Ohio-171, quotingState ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. "The party challenging the statute bears the burden of proving the unconstitutionality of the statute beyond a reasonable doubt." Id. at 511.
 {¶ 8} Nevertheless, appellant contends the statutes governing post-release control are not entitled to the presumption of constitutionality because the Ohio Supreme Court declared certain provisions of Ohio's sentencing scheme unconstitutional inFoster. In Foster, the Ohio Supreme Court examined a number of sentencing statutes in light of the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.[3] In doing so, the court determined certain provisions were unconstitutional because *Page 4 
they required "judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant * * *." Foster at ¶ 83. Accordingly, the court held that such unconstitutional provisions must be severed and excised from Ohio's sentencing scheme in their entirety. Id.
 {¶ 9} Contrary to appellant's argument, however, the Foster court specifically severed and excised only the offending statutory provisions, stating that "the vast majority of S.B. 2, which is capable of being read and of standing alone, is left in place." Id. at ¶ 97, 98. The statutory provisions pertaining to post-release control were not among the provisions excised in Foster, nor were such provisions addressed by the court. See id. Accordingly, the statutes challenged by appellant in this case are presumptively constitutional, and as such, appellant bears the burden of proving otherwise beyond a reasonable doubt. We find appellant has failed to meet this burden.
 {¶ 10} (1) Statutory Maximum under Foster
 {¶ 11} Appellant first argues post-release control is unconstitutional pursuant to Foster because it exceeds the "statutory maximum" sentence a trial judge may impose. Specifically, appellant argues post-release control exceeds the statutory maximum as defined in Foster because a defendant is monitored after he has served his stated term of incarceration and is subject to 50 percent of his original sentence if he violates post-release control. We find this argument unpersuasive.
 {¶ 12} The Ohio Supreme Court has specifically held that post-release control is part of an offender's original sentence and properly imposed where the sentencing court advises the defendant during his sentencing hearing that he will be subject to post-release control upon his release from prison. See Woods, 89 Ohio St.3d at 512, 513, 2000-Ohio-171; see, also *Page 5 Butler CA2006-04-093 State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 19.[4] Moreover, Ohio courts have previously recognized that the imposition of post-release control does not implicate Blakely principles because it is mandatory for certain offenses and does not require judicial fact-finding. See, e.g. State v. Duncan, Cuyahoga App. No. 85367, 2006-Ohio-691, fn. 2. Significantly, the Ohio Supreme Court's decision in Foster neither addresses the statutory provisions concerning post-release control nor includes such provisions in those to be excised from Ohio's sentencing scheme.
 {¶ 13} R.C. 2929.14(F)(1) provides in relevant part: "If a court imposes a prison term * * * for a felony of the second degree * * *, itshall include in the sentence a requirement that the offender be subjectto a period of post-release control after the offender's release from imprisonment, in accordance with that division." (Emphasis added.) Likewise, under R.C. 2967.28(B), "[e]ach sentence to a prison term * * * for a felony of the second degree * * * shall include a requirement thatthe offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." (Emphasis added.) R.C. 2967.28(B)(2) provides that "a period of post-release control required by this division for an offender shall be * * * three years" for a second-degree felony offense that is not a felony sex offense.
 {¶ 14} Here, appellant was convicted of two second-degree felonies. R.C. 2929.14(A) provides that a defendant may be sentenced to a term of imprisonment within the range of two to eights years for a second-degree felony conviction. Appellant was sentenced to two seven-year prison terms accordingly. Because the trial court imposed prison terms for these offenses, it was also required to impose a mandatory three-year period of post-release control after advising appellant during his sentencing hearing that he would be subject to post-release *Page 6 Butler CA2006-04-093 control upon his release from prison. Appellant's sentence was therefore within the statutory range, and authorized solely by his plea to the instant second-degree felonies rather than additional findings made by the trial court. As a result, we find no merit in appellant's argument that the imposition of post-release control is unconstitutional pursuant to Foster.
 {¶ 15} To the extent appellant argues post-release control is unconstitutional because he may be subject to additional prison time if he violates the conditions of his post-release control, which may exceed the maximum prison term authorized by R.C. 2929.14(A), we find this issue is not ripe for review at this time.[5] "For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." State v. Stambaugh (1987),34 Ohio St.3d 34, 38 (Douglas, J., concurring in part and dissenting in part), citing Burger Brewing Co. v. Liquor Control Comm. (1973),34 Ohio St.2d 93, 97-98. Generally, a claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all." Texas v. United States (1998), 523 U.S. 296, 300, 118 S.Ct. 1257.
 {¶ 16} Here, appellant's argument concerning the imposition of prison time in excess of the "statutory maximum" would only be ripe for judicial review if he were to violate the conditions of his post-release control, once he is subject to post-release control following the completion of his prison sentence, and if the APA imposed a prison term upon him. These events have not occurred and indeed, might not occur. As a result, these issues are not ripe for review at this time.
 {¶ 17} (2) Trial Court's Discretion to Sentence an Offender
 {¶ 18} (3) Delegation of Judicial Discretion to APA *Page 7 
 {¶ 19} Appellant also argues post-release control is unconstitutional under Foster because it is mandatory and therefore divests a court of the discretion to impose it. Further, appellant argues post-release control impermissibly delegates judicial discretion to the APA. These arguments are without merit.
 {¶ 20} In Foster, the Ohio Supreme Court determined certain sentencing provisions were unconstitutional because they required judicial fact-finding before the sentencing court could impose a sentence greater than the sentence authorized by a defendant's conviction or plea. SeeFoster at ¶ 97. Foster does not concern the imposition of mandatory sentences that do not require a court to make additional findings of fact beforehand, and as such, we do not find that the mandatory nature of post-release control violates Foster.
 {¶ 21} Moreover, it is well-established that "mandatory sentencing laws enacted pursuant to [legislative authority to define criminal conduct and to determine appropriate punishment] do not usurp the judiciary's power to determine the sentence of individual offenders." See State v. Gonzales, 151 Ohio App.3d 160, 2002-Ohio-4937, ¶ 63. "The discretionary power of judges to sentence is granted by the legislature and can be circumscribed by the legislature." Cleveland v. Scott (1983),8 Ohio App.3d 358. *Page 8 
 {¶ 22} With respect to the APA's authority concerning post-release control, the Ohio Supreme Court has specifically held that the delegation of powers associated with managing post-release control to the APA does not usurp judicial authority. Woods at 510, 512. "[T]he powers delegated to the executive branch (APA) are no more than were granted under the prior system of parole. * * * [T]here is nothing in the Parole Board's discretionary ability to impose post-release control sanctions that impedes the judiciary's ability to impose a sentence. The post-release control sanctions are sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime * * *." Id.
 {¶ 23} Accordingly, we find no merit in appellant's arguments concerning the trial court's discretion to impose post-release control, and the delegation of powers associated with managing post-release control to the APA.
 {¶ 24} (4) APA's Use of Sentencing Grid to Sentence Violators
 {¶ 25} (5) APA's Use of Preponderance of the Evidence Standard during Violation Hearings
 {¶ 26} Finally, appellant raises issues pertaining to the enforcement of post-release control once a defendant is released from prison. Specifically, appellant argues it is unconstitutional to permit the APA to utilize a sentencing grid to sanction post-release control violations and to utilize a preponderance of the evidence standard in making its determinations concerning post-release control violations.
 {¶ 27} With respect to these arguments, we find each concerns the enforcement of post-release control once a defendant has served his prison sentence, rather than the imposition of post-release control as a part of the original sentence. Ohio courts have previously held that a party lacks standing to challenge the constitutionality of post-release control enforcement and sanctions where the party has not yet been subject to the same. See State v. Williamson (Oct. 22, 1998), Cuyahoga App. No. 73130, 73132, at *3 ("[U]ntil a releasee has been subjected to the sanctions as provided in R.C. 2967.28, he lacks standing to bring a constitutional challenge to the statute"). As stated, because appellant has not yet completed his sentence and is not yet subject to post-release control, issues pertaining to the APA's enforcement of the same if appellant were to violate are not ripe for review at this time.
 {¶ 28} Based upon the foregoing, we find the trial court correctly denied appellant's motion to declare post-release control unconstitutional. Appellant's sole assignment of error is therefore overruled. *Page 9 
 {¶ 29} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.
[1] State v. McCarty, Butler App. No. CA2005-07-189,2006-Ohio-875.
[2] The statutes governing post-release control identified by appellant include R.C. 2929.14(F), R.C. 2929.19(B)(3) and R.C. 2967.28.
[3] The sentencing statutes examined in Foster include R.C. 2929.14(B) concerning non-minimum sentences, R.C. 2929.14(E)(4) concerning consecutive sentences, R.C. 2929.14(C) concerning maximum sentences, as well as those concerning repeat-violent-offender and major-drug-offender sentences. 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 28.
[4] The court has also explained the purpose of post-release control, stating "postrelease control furthers the goal of successfully reintegrating offenders into society after their release from prison."Jordan at ¶ 21.
[5] Appellant argues the maximum prison term to which he may be sentenced for two second-degree felony convictions is 16 years. Because post-release control subjects him to up to 50 percent of his original prison sentence if he violates the conditions of post-release control, appellant argues his total sentence including this potential additional prison time exceeds the 16-year maximum under R.C. 2929.14(A). *Page 1