[Cite as *State v. Patterson*, 2021-Ohio-3959.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-01-004 |
| | : | O P I N I O N |
| - vs - | | 11/8/2021 |
| | : | |
| JOSEPH CALVIN PATTERSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2020-02-0321

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher Pagan, for appellant.

**BYRNE, J.**

{¶1}   Joseph Patterson appeals from the judgment entry of sentence entered by the Butler County Court of Common Pleas.  For the reasons described below, we affirm Patterson's sentence.

<u>I. Factual and Procedural Summary</u>

{¶2}   In June 2020, a Butler County grand jury indicted Patterson on one count of aggravated possession of drugs, a fifth-degree felony.  Patterson subsequently pleaded

guilty to the count.

{¶3} In the judgment entry of sentence, the court found that Patterson was not amenable to community control sanctions. Noting that at the time of the offense Patterson was serving or had previously served a prison term and that he violated a term or condition of bond by failing to appear for an earlier sentencing date, the court sentenced Patterson to 12 months of incarceration. The court additionally specified that this time would be served in the Butler County jail pursuant to R.C. 2929.34.

{¶4} The judgment entry informed Patterson that he could be subject to up to a maximum of three years of postrelease control upon his release from incarceration. Finally, the court ordered Patterson to pay the "costs of prosecution, supervision and any supervision fees permitted pursuant to Revised Code Section 2929.18(A)(4)."

{¶5} Patterson appeals, raising one assignment of error.

## II. Law and Analysis

{¶6} Assignment of Error No. 1:

{¶7} THE TRIAL COURT'S COSTS ORDER WAS UNLAWFUL.

{¶8} Patterson presents two issues within this assignment of error. First, he argues that his sentence was unlawful because, even though the trial court declined to impose prison confinement costs, Butler County, as his jailer, could potentially seek to recover from him the costs of his confinement. Second, he argues that the court erred by imposing supervision costs.

## A. Standard of Review

{¶9} An appellate court reviews an imposed felony sentence according to R.C. 2953.08(G)(2). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 27. R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the

trial court's findings under certain statutes, which are not at issue in this appeal, or that the sentence is otherwise contrary to law.

{¶10}  A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range."  *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

### B. Confinement Costs

{¶11}  As Patterson points out, the trial court declined to impose confinement costs in the judgment entry of sentence.  Patterson does not challenge the decision to not impose confinement costs.

{¶12}  Instead, Patterson argues that under separate statutes involving the Targeted Community Alternatives to Prison program ("TCAP"), he could *potentially* be ordered to pay Butler County the costs of his confinement.[1]  He points to R.C. 2929.37(A), which authorizes a board of county commissioners, in an agreement with the sheriff, to adopt a policy that requires a prisoner of a local detention facility to pay all or part of the costs of confinement in that facility. Patterson argues TCAP and R.C. 2929.37(A) expose him to the potential of paying confinement costs even where the trial court declined to order him to pay such costs in the judgment entry of sentence.  He also contends that TCAP provides for a double recovery by Butler County, in that the county is paid by the state to confine Patterson, but it can later seek to have him pay the costs of his confinement.  Finally, he argues that recovery of confinement costs under TCAP, which does not require consideration of a

---

1. R.C. 2929.34(B)(3)(c) governs TCAP and provides, with certain exceptions, that no person sentenced by the court of common pleas of a "voluntary county" to a prison term for a fifth-degree felony shall serve the prison term in an institution under the control of the Ohio Department of Rehabilitation and Correction, but shall instead serve the sentence as a term of confinement in a local facility such as a county jail or community-based correctional facility.

defendant's ability to pay, would be unlawful because the trial court here declined to impose confinement costs, and if it had done so it would have been required to consider his ability to pay under R.C. 2929.18(A)(5)(a)(ii). In other words, Patterson argues that a potential confinement costs order under TCAP would bypass the R.C. 2929.18(A)(5)(a)(ii) requirement that the trial court consider a defendant's ability to pay.

{¶13} However, as Patterson concedes, the sentencing court *did not* impose confinement costs. The sentencing entry from which Patterson appeals is silent on this issue. Patterson's concerns regarding potentially being required to pay TCAP confinement costs under R.C. 2929.37(A) in the future are entirely speculative and are not based on any provision of the sentencing entry. Therefore, Patterson does not present any error in the judgment for this court to "review and affirm, modify, or reverse." App.R. 12(A)(1)(a). Patterson fails to raise any error in the judgment he is appealing, and this court will not address alleged errors occurring outside the judgment appealed. *See In re B. Children*, 12th Dist. Clermont No. CA2007-06-077, 2008-Ohio-354, ¶ 26 (declining to address alleged errors not addressed by the trial court's judgment); *see also Waterford Pointe Condominium Assn. v. Reserve Domiciles, Ltd.,* 9th Dist. Summit No. CV-2015-01-0624, 2019-Ohio-691, ¶ 33. This issue is not ripe for review. *State v. McCarty*, 12th Dist. Butler No. CA2006-04-093, 2007-Ohio-2290, ¶ 15 "'For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties.'" *Id.* q*uoting State v. Stambaugh*, 34 Ohio St.3d 34, 38 (1987) (Douglas, J., concurring in part and dissenting in part), *citing Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97-98 (1973).

## C. Supervision Costs

{¶14} Next, Patterson argues that the court erred by ordering him to pay the costs of any postrelease control supervision where he was ordered to serve the maximum prison

sentence and was not ordered to submit to community control.  The state argues that while Patterson was not sentenced to community control, his sentence stated that he may be subject to postrelease control and that supervision costs in conjunction with Patterson's postrelease control are authorized by R.C. 2929.18(A).

{¶15}  Upon review, we agree that supervision costs are authorized in conjunction with postrelease control.  Under R.C. 2929.18(A), the court imposing sentence upon a felony offender may sentence the offender to "any financial sanction or combination of financial sanctions authorized under this section * * *."  Included among those authorized financial sanctions is "*any or all* of the costs of sanctions incurred by the government." (Emphasis added.) R.C. 2929.18(A)(5)(a).  The statute goes on to list some examples of such sanctions, including the costs of implementing any community control sanction, including a supervision fee, the costs of confinement, and the costs related to an immobilizing device. R.C. 2929.18(A)(5)(a)(i),(ii), and (iii).  However, as stated, these are examples.  The language in the statute does not preclude a court from imposing other costs of sanctions incurred by the government.  Supervision fees related to postrelease control are within the ambit of "any or all of the costs of sanctions incurred by the government." R.C. 2929.18(A).  Accordingly, we conclude that the court did not err in imposing supervision costs.

### III. Conclusion

{¶16}  Patterson has failed to demonstrate error in the judgment with respect to the issue of confinement costs.  And the court did not err in imposing the costs of supervision in conjunction with postrelease control.  The trial court considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposed postrelease control, and sentenced Patterson within the permissible statutory range.  Therefore, Patterson's sentence was not clearly and convincingly contrary to law. We

overrule his sole assignment of error.

{¶17} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, JJ., concur.