[Cite as *State v. Ross*, 2023-Ohio-1421.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-11-110 |
| | : | O P I N I O N |
| - vs - | | 5/1/2023 |
| | : | |
| TORIANO CHRISTOPHER ROSS, JR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-03-0332

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law., Ltd., and Christopher Pagan, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Toriano Christopher Ross, Jr., appeals the sentence he received in the Butler County Court of Common Pleas after he pled guilty to one count of second-degree felony possession of cocaine. For the reasons outlined below, we affirm in part,

reverse in part, and remand this matter to the trial court for further proceedings consistent with this opinion.

## Facts and Procedural History

{¶ 2} On May 11, 2022, the Butler County Grand Jury returned an indictment charging Ross with one count of first-degree felony possession of cocaine. In the months that followed, Ross entered into a plea agreement with the state and, on August 29, 2022, entered a guilty plea to a reduced charge of one count of second-degree felony possession of cocaine. Approximately three months later, on November 28, 2022, the trial court held a sentencing hearing where it sentenced Ross to an indefinite four-to-six year prison term.[1] The trial court also notified Ross that he would be required to pay court costs and further advised Ross that upon his release from prison he would be placed on a mandatory period of postrelease control for up to three years with a minimum period of at least 18 months.

{¶ 3} On November 29, 2022, the trial court issued a judgment of conviction entry. Within that entry, the trial court set forth its earlier decision to sentence Ross to an indefinite four-to-six-year prison term. The trial court's entry also noted that Ross was ordered to pay court costs, as well as supervision costs associated with the mandatory postrelease control term being imposed. As for how long that mandatory period of postrelease control actually was, the trial court's judgment of conviction entry stated that it had "notified the defendant that post release control is mandatory in this case for up to three (3) years but not less than one (1) year," a period that was six months less than what the trial court had actually told Ross at sentencing.

## Ross' Appeal and Single Assignment of Error for Review

{¶ 4} Ross now appeals the trial court's sentence imposed upon him, raising one

---

1. We note that Ross objected to the trial court sentencing him to an indefinite four-to-six year prison term claiming the law upon which it was based, the Reagan Tokes Law, was unconstitutional.

assignment of error for review. In his single assignment of error, Ross raises three arguments challenging the trial court's sentence as contrary to law. Under these circumstances, we apply the following felony sentencing standard of review.

*Felony Sentencing Standard of Review*

{¶ 5} The standard of review set forth in R.C. 2953.08(G)(2) governs all felony sentences. *State v. Simmons*, 12th Dist. Warren No. CA2020-10-069, 2021-Ohio-3563, ¶ 80. Pursuant to that statute, "this court may modify or vacate a felony sentence only if, by clear and convincing evidence, the record does not support the trial court's findings under certain enumerated statutes, none of which are relevant here, or the sentence is otherwise contrary to law." *State v. Richey*, 12th Dist. Clermont Nos. CA2022-08-038 thru CA2022-08-041, 2023-Ohio-336, ¶ 12, citing *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range.'" *State v. Lopez-Cruz*, 12th Dist. Butler No. CA2022-07-068, 2023-Ohio-257, ¶ 8, quoting *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

*Ross' First Argument*

{¶ 6} In his first argument, Ross claims the trial court erred by imposing a different minimum postrelease control term in its judgment of conviction entry than what was imposed by the trial court at sentencing, thereby requiring this matter be reversed and remanded for resentencing. The state concedes that the trial court did so err. However, rather than reversing and remanding for resentencing, the state requests this court to reverse and remand for the trial court to issue a nunc pro tunc entry. We agree with the state.

{¶ 7} A clerical error in a trial court's judgment of conviction entry does not render the sentence imposed upon the offender contrary to law, thus necessitating the offender be resentenced or have the offender appear for resentencing. *State v. Wright*, 12th Dist. Fayette No. CA2017-10-021, 2018-Ohio-1982, ¶ 48. The trial court may instead issue a nunc pro tunc entry to correct the mistake so that the trial court's judgment of conviction entry accurately reflects what the court did at sentencing. *State v. Goodwin*, 12th Dist. Butler No. CA2016-05-099, 2017-Ohio-2712, ¶ 45, citing *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 13. This is because the sentence originally imposed by the trial court at sentencing is not being modified or changed in any way. *State v. Van Tielen*, 12th Dist. Brown No. CA2013-11-012, 2014-Ohio-4421, ¶ 10. Therefore, to the extent stated herein, we find Ross' first argument has merit and this matter is reversed and remanded for the trial court for the limited purpose of issuing a nunc pro tunc judgment of conviction entry.

*Ross' Second Argument*

{¶ 8} In his second argument, Ross sets forth two claims challenging the trial court's decision ordering him to pay the supervision costs associated with his postrelease control term. Ross initially claims it was error for the trial court to include the imposition of postrelease control supervision costs within its judgment of conviction entry when the trial court did not order him to pay those costs at sentencing. Ross cites Crim.R. 43(A) to support this contention. Pursuant to that rule, the defendant must be physically present at the imposition of his or her "sentence." Therefore, given the plain language set forth in Crim.R. 43(A), Ross must necessarily be arguing that postrelease control supervision costs are part of a defendant's "sentence" that can be imposed upon the defendant only when he or she is physically present at sentencing.

{¶ 9} However, just like court costs and appointed counsel fees, supervision costs

associated with postrelease control are not punishment and are thus not part of a defendant's "sentence." *See State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, ¶ 7 (finding court costs are not punishment and are not part of a defendant's sentence); *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, ¶ 37 (finding appointed counsel fees are a civil assessment and not part of a defendant's sentence). Nevertheless, although technically not part of a defendant's "sentence," the General Assembly has expressly authorized trial courts to "sentence" a felony offender to pay postrelease control supervision costs associated with the offender's postrelease control term under R.C. 2929.18(A)(5)(a). *See State v. Patterson*, 12th Dist. Butler No. CA2021-01-004, 2021-Ohio-3959, ¶ 15; and *State v. Murphy*, 12th Dist. Butler No. CA2021-05-048, 2021-Ohio-4541, ¶ 43-44. To that end, when the trial court orders a defendant to pay postrelease control supervision costs in its judgment of conviction entry without first informing the defendant at sentencing of its intent to do so, this deprives an indigent defendant of the opportunity to request the trial court waive those costs at sentencing.

{¶ 10} We reach this decision because, unlike the statute mandating a defendant pay court costs, which allows the trial court to retain jurisdiction to waive, suspend, or modify the payment of those costs "at the time of sentencing or at any time thereafter," the statute authorizing the trial court to sentence a felony offender to pay postrelease control supervision costs does not provide the trial court with that same luxury. *Compare* R.C. 2947.23(C) *with* R.C. 2929.18. Therefore, because the trial court in this case failed to notify Ross at sentencing that he would be ordered to pay the supervision costs associated with his postrelease control term, but then ordered Ross to pay those costs within its judgment of conviction entry, Ross was deprived of an opportunity to seek a waiver of those costs at the time of sentencing.

{¶ 11} This court would, under normal circumstances, remand this matter to the trial

court to allow Ross to move the trial court for a waiver of the supervision costs associated with his upcoming postrelease control term. The record in this case, however, firmly establishes that the trial court has already considered Ross' present and future ability to pay any and all financial obligations that it imposed upon him.[2] This would include Ross' present and future ability to pay the supervision costs associated with his upcoming postrelease control term. Therefore, because the trial court has already considered Ross' present and future ability to any and all financial obligations imposed, remanding this matter to the trial court is unnecessary and contrary to the underlying principles of judicial economy and efficiency. Accordingly, Ross' first claim lacks merit.

{¶ 12} Ross also claims it was error for the trial court to order him to pay postrelease control supervision costs because supervision costs associated with postrelease control are not authorized under R.C. 2929.18(A)(5)(a). However, as noted above, this court has already rejected this argument. *See Patterson*, 2021-Ohio-3959 at ¶ 15; and *Murphy*, 2021-Ohio-4541 at ¶ 43-44. We see no reason to deviate from our prior precedent in this case. "According to the doctrine of stare decisis, courts [should] follow controlling precedent, 'thus creating stability and predictability in our legal system.'" *State v. Yerkey*, 7th Dist. Mahoning No. 20 MA 0087, 2021-Ohio-3331, ¶ 41, quoting *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 1. Therefore, to the extent Ross is requesting this court to revisit this issue for a third time, such request is denied. We will instead reiterate this court's holdings set forth in *Patterson* and *Murphy* that supervision costs associated with postrelease control are authorized under R.C. 2929.18(A)(5)(a). Accordingly, finding no merit to either of Ross' two claims set forth herein, Ross' second argument is without merit.

---

2. Specifically, as the trial court stated, "as to any and all financial sanctions, I will note the consideration of present or future ability to pay * * *."

*Ross' Third Argument*

**{¶ 13}** In his third argument, Ross claims his indefinite four-to-six year prison sentence, which was imposed by the trial court pursuant to the Reagan Tokes Law, is unconstitutional. This is because, according to Ross, the Reagan Tokes Law impinges upon his constitutional right to a jury trial, is contrary to the separation-of-powers doctrine, and runs afoul of his right to procedural due process. However, as noted by the state, this court has repeatedly rejected claims identical to those raised by Ross herein when holding the Reagan Tokes Law constitutional. See *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 20 (finding the Reagan Tokes Law does not impinge upon an offender's constitutional right to a jury trial); *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25 (finding the Reagan Tokes Law does not violate the separation-of-powers doctrine); *State v Bloodworth*, 12th Dist. Warren No. CA2021-08-073, 2022-Ohio-1899, ¶ 50 (finding the Reagan Tokes Law does not run afoul of an offender's right to procedural due process); *see also State v. Blaylock*, 12th Dist. Butler No. CA2020-11-113, 2021-Ohio-2631, ¶ 7, fn. 1. Therefore, unless and until the Ohio Supreme Court holds otherwise, we again find the Reagan Tokes Law constitutional.[3] Accordingly, Ross' third argument is likewise without merit.

## Conclusion

**{¶ 14}** For the reasons outlined above, Ross' single assignment of error is overruled in part, sustained in part, and this matter is reversed and remanded to the trial court for the

---

3. The Ohio Supreme Court has two cases currently pending that should decide this issue. *See State v. Hacker*, Case No. 2020-1496 (accepting an issue that asks the supreme court whether, as amended by the Reagan Tokes Law, the Ohio Revised Code's sentences for first and second degree qualifying felonies violate the United States and Ohio Constitutions); and *State v. Simmons*, Case No. 2021-0532 (accepting three issues that ask the supreme court whether the Reagan Tokes Law: [1] violates the Sixth Amendment as it permits the imposition of additional punishment for conduct not admitted by the defendant or found by a jury; [2] violates the doctrine of separation of powers because, as with bad time, it conferred judicial power to the executive branch; and/or [3] violates due process by failing to provide adequate notice, by inadequately confining executive branch discretion, and by lacking adequate guarantees for a fair hearing).

limited purpose of issuing a nunc pro tunc judgment of conviction entry.

{¶ 15} Judgment affirmed in part, reversed in part, and remanded.

M. POWELL and BYRNE, JJ., concur.