[Cite as *State v. Bridges*, 2024-Ohio-1967.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

STATE OF OHIO,                    :

    Plaintiff-Appellee,          : CASE NO. 23CA8

    v.                           :

DARIUS BRIDGES,                   : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.         :

_____

APPEARANCES:

Christopher Pagan, Middletown, Ohio, for appellant[1].

Jason Holdren, Gallia County Prosecuting Attorney, and Isaac Beller, Assistant Prosecuting Attorney, Gallipolis, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 5-15-24
ABELE, J.

{¶1} This is an appeal from a Gallia County Common Pleas Court judgment of conviction and sentence for trafficking in a fentanyl-related compound.

{¶2} Darius Bridges, defendant below and appellant herein, assigns three errors for review:

---

[1] Different counsel represented appellant during the trial court proceedings.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY IMPOSING SUPERVISION COSTS."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY ORDERING AN ENFORCEABLE CIVIL JUDGMENT FROM SUPERVISION AND CONFINEMENT COSTS."

THIRD ASSIGNMENT OF ERROR:

"IT IS UNLAWFUL TO DENY APPELLATE COUNSEL A COPY OF BRIDGES' PSI TO INVESTIGATE, RESEARCH, AND PRESENT ISSUES FOR APPEAL."

{¶3} In May 2022, a Gallia County Grand Jury returned an indictment that charged appellant with one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A) and one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2), both first-degree felonies. Appellant entered not guilty pleas.

{¶4} Subsequently, the trial court held a change-of-plea hearing. The trial court advised appellant regarding indefinite sentencing, possible maximum penalties, mandatory post-release control, and fines. Specifically, the court advised appellant that he

could face fines of up to $20,000.00. * * * There's also a mandatory fine of one half of that that you are facing right now and I must impose that by statute. So, you're looking at $10,000.00 in a mandatory fine. Now the only

> way around that is if you establish with the Court that you're an indigent person and unable to pay that and if you uh, file an affidavit and I find that you are indigent person unable to pay that mandatory fine then I don't have to impose it."

The trial court further advised appellant that:

> I want to make you understand as additional financial sanctions I can order you to pay Court and prosecution costs, pay supervisory fees and make restitution if appropriate. * * * If you fail to pay a judgment for costs or fees or fail to timely make payments toward the judgment under a payment plan approved by the Court, the Court may order you to perform community service in an amount deemed appropriate by the Court until the judgment's paid or until the Court's satisfied you are in compliance with an approved payment plan. * * * If I have to order you to perform community service because you've not been paying you'll receive credit on the judgment at an hourly credit rate set by the Court which will not be less than the Federal minimum wage per hour of community service performed and each hour of community service performed will reduce the judgment by that amount.

{¶5} The trial court further advised appellant of his constitutional rights, reviewed the documents to ensure appellant understood the jury trial waiver, and understood the plea itself. Appellant acknowledged his satisfaction with counsel and indicated that he had explored all possible defenses. Appellant also acknowledged that he understood the terms of the plea agreement and admitted that he had "traffick[ed] with fentanyl," of approximately 40 grams.

{¶6} On February 15, 2023, appellant entered a guilty plea to

GALLIA, 23CA8

Count Two, trafficking in fentanyl-related compound, a violation of R.C. 2925.03(A)(2), a first-degree felony. The February 15, 2023, guilty plea states, "In consideration of the Defendant's plea of guilty to Count II of the indictment, the joint recommendation for 6 years mandatory with an indefinite maximum of 9 years. Defendant agrees to pay the costs of this action. Dismiss remaining counts at sentencing. State won't oppose a furlough between plea and sentencing." Appellant filed a motion to waive mandatory fine on March 22, 2023.

{¶7} The matter came on for sentencing on March 22, 2023. With regard to fines, the court stated:

> You also need to know you're facing a mandatory fine today. Uh, maximum $20,000.00, a statute requires half of that. Uh, the only way around that is for you to be um, to establish that you are an indigent person unable to pay that fine and if I do find that you are an indigent person unable to pay the fine then um, I would not have to impose uh, any fine if I choose not to.

Appellant acknowledged that he so understood. The court also added:

> I'm also requesting the Parole Board to monitor you for drug usage until drug free on a regular basis for at least six months after release from prison and to provide drug treatment if appropriate. Uh, you're also ordered to pay all unpaid fines, restitution, Court costs, and previously imposed reimbursement fees before any post-release control is terminated in less than the maximum time allowed by law.

{¶8} The trial court accepted appellant's plea, found him guilty, and sentenced him to serve (1) a six-year minimum to nine-

year maximum prison term, (2) a two-to-five-year mandatory post-release control term, and (3) pay all costs of prosecution. The financial sanctions and costs portion of the sentencing entry states:

> It is Ordered that the Defendant has agreed to and shall pay all costs of prosecution for which judgment is rendered and execution may issue.
>
> After discussion with the Defendant, the Court finds the Defendant has prior employment in factories and in housing restoration. Therefore, the Court finds the Defendant possesses the future ability to pay the financial sanctions.
>
> Prior to the sentencing hearing, Defendant filed an Affidavit alleging that Defendant is indigent and unable to pay the statutorily mandated fine. The Court has reviewed the Affidavit and finds that the Defendant is an indigent person who is unable to pay the mandatory minimum fine. Accordingly, no fine shall be imposed.
>
> Further, Defendant is Ordered to reimburse the State of Ohio and Gallia County for costs of supervision, confinement and prosecution as authorized by law. These Orders of reimbursement and restitution are judgments enforceable pursuant to law by the parties in whose favor they are entered. Pursuant to Ohio Revised Code Section 2947.23, the Defendant was advised that failure to pay the judgment of costs, supervisory fees or the like or failure to timely make payments toward that judgment under a payment scheduled approve [sic.] by the Court, may result in the Court Ordering the Defendant to perform community service in an amount deemed appropriate by the Court until the judgment is paid or until the Court is satisfied that Defendant is in compliance with the approved payment schedule. Further, Defendant was advised that if Ordered to perform the community service, credit will be received upon the judgment at an hourly credit rate set by the Court which shall not be less than the Federal minimum wage per hour of community service performed and each hour of

community service performed will reduce the judgment by that amount.

## I.

{¶9} In his first assignment of error, appellant asserts that the trial court erred when it imposed supervision costs. Appellant contends that there are four categories of costs: court costs, confinement costs, supervision costs, and appointed-counsel costs. While appellant acknowledges that court costs are mandatory, he contends that supervision, confinement, and appointed-counsel costs are discretionary and the trial court may not impose them unless the court "affirmatively finds that the defendant has, or reasonably may be expected to have, the ability to pay," citing *State v. Potter,* 6th Dist. Fulton No. F-21-022, 2021-Ohio-3502, ¶ 32. Appellant contends that the trial court in the case at bar found that appellant had no present ability to pay and waived his mandatory fee, but found a future ability to pay and, thus, ordered supervision and confinement costs.

{¶10} An appellate court reviews an imposed felony sentence according to R.C. 2953.08(G)(2). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 27. R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence

that the record does not support the trial court's findings under certain statutes, which are not at issue in this appeal, or that the sentence is otherwise contrary to law.  A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range."  *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

**{¶11}** "By statute, the imposition of court costs on all convicted defendants is mandatory."  *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 6.  R.C. 2947.23(A)(1)(a) provides: "In all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." However, R.C. 2947.23(C) states that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter."  *See also State v. Stevens,* 3d Dist. Allen No. 1-22-81, 2024-Ohio-198, ¶ 35.

**{¶12}** This court recently considered whether supervision costs are limited to community-control supervision in *State v. McHargue,*

4th Dist. Gallia No. 22CA12, 2024-Ohio-924. We held that supervision costs are not limited to community control and that trial courts may impose supervision costs for costs associated with post-release control. *Id.* at ¶ 30. We observed other similar cases:

> *See State v. Patterson,* 12th Dist. Butler No. CA2021-01-004, 2021-Ohio-3959, ¶ 15 ("Upon review, we agree that supervision costs are authorized in conjunction with postrelease control"); *State v. Murphy*, 12th Dist Butler No. CA2021-05-048, 2021-Ohio-4541, ¶ 44 ("For the reasons expressed in *Patterson,* we find that the trial court did not err in imposing supervision costs."); *State v. Ross*, 12th Dist. Butler No. CA2022-1-110, 2023-Ohio-1421, ¶ 12 (relying on the doctrine of stare decisis to again reject the argument that supervision costs associated with post-release control are not authorized by R.C. 2929.18(A)(5)(a)).

*McHargue* at ¶ 30.

In *McHargue,* we quoted *Patterson,* where the court reasoned:

> Under R.C. 2929.18(A), the court imposing sentence upon a felony offender may sentence the offender to 'any financial sanction or combination of financial sanctions authorized under this section * * *." Included among those authorized financial sanctions is "any or all of the costs of sanctions incurred by the government." (Emphasis added.) R.C. 2929.18(A)(5)(a). The statute goes on to list some examples of such sanctions, including the costs of implementing any community control sanction, including a supervision fee, the costs of confinement, and the costs related to an immobilizing device. R.C. 2929.18(A)(5)(a)(i),(ii), and (iii). However, as stated, these are examples. The language in the statute does not preclude a court from imposing other costs of sanctions incurred by the government. Supervision fees related to postrelease control are within the ambit of "any or all of

the costs of sanctions incurred by the government."  R.C.
2929.18(A).  Accordingly, we conclude that the court did
not err in imposing supervision costs.

*Id.* at ¶ 31, quoting *Patterson* at ¶ 15.

{¶13} R.C. 2929.18(A) provides that the court imposing sentence upon a felony offender may sentence the offender to "any financial sanction or combination of financial sanctions authorized under this section * * *."  Among those authorized financial sanctions is "*any or all* of the costs of sanctions incurred by the government." (Emphasis added.)  The statute provides a list of examples of sanctions, including the costs of implementing any community control sanction, including a supervision fee, the costs of confinement, and the costs related to an immobilizing device.  R.C. 2929.18(A)(5)(a)(i),(ii), and (iii).  However, this list is not exhaustive, and the statute does not preclude a court from imposing other costs of sanctions incurred by the government.  Supervision fees related to postrelease control are within the ambit of "any or all of the costs of sanctions incurred by the government." *Patterson, supra,* at ¶ 15, citing R.C. 2929.18(A).

{¶14} As appellee notes, the Sixth District Court of Appeals concluded that a trial court erred when it failed to find that the defendant had the ability to pay the costs of appointed counsel at the sentencing hearing, *Potter, supra,* at ¶ 35.  However, other

districts, such as the Twelfth District, allow supervision costs when a trial court imposes a prison sentence. *See Patterson, supra, Murphy, supra.* We believe that this line of cases is the most persuasive and reflects the legislature's intent.

{¶15} Therefore, we reaffirm that trial courts may impose supervision costs associated with post-release control.

{¶16} Accordingly, we overrule appellant's first assignment of error.

## II.

{¶17} In his second assignment of error, appellant asserts that the trial court erred when it ordered an enforceable civil judgment from supervision and confinement costs. Once again, appellant contends that R.C. 2947.23(A)(1)(a) does not permit a judgment for supervision or confinement costs. Appellant argues that because no statute, rule or case provides the trial court with continuing jurisdiction over supervision and confinement costs, a defendant lacks due process to contest supervision or confinement costs before a final judgment.

{¶18} Appellee argues that R.C. 2929.18(A) permits "any financial sanction or combination of financial sanctions authorized under this section." Appellee argues that unlike prosecution

costs, which are mandatory under R.C. 2947.23(A)(1)(a), the costs of supervision and confinement are discretionary.  R.C. 2929.18(A)(5)(a).  *State v. Velesquez*, 6th Dist. Lucas No. L-ss-1167, 2023-Ohio-1100, ¶ 8.  Appellee further contends that the trial court did not order the defendant to pay fines in the present because there the court found "no present available to pay," but the court found a "future ability to pay due to employment opportunities with appellant's family."  Appellee maintains that "[b]eing 'indigent' and being 'unable to pay' are not the same. Indigency concerns a defendant's current financial situation, whereas an inability to pay encompasses his future financial situation as well."  *State v. Lykins*, 2017-Ohio-9390, 102 N.E.3d 503 (4th Dist.), ¶ 17, citing *State v. Plemons,* 2d Dist. Montgomery Nos. 26434, 26435, and 26437, 2015-Ohio-2879, ¶ 7.  *See also State v. Lewis,* 2d Dist. Greene No. 2011-CA-75, 2012-Ohio-4858, ¶ 16 (finding of indigence for purposes of appointed counsel does not shield defendant from paying fine), *State v. Kelly,* 145 Ohio App.3d 277, 284, 762 N.E.2d 479 (12th Dist.2001) (ability to pay fine over time is not equivalent to ability to pay legal counsel retainer fee at outset of criminal proceedings), *State v. Black,* 8th Dist. Cuyahoga No. 105197, 2017-Ohio-8063, ¶ 51 (finding of indigency for purposes of appointed counsel does not necessarily show inability

to pay financial sanction), *State v. Waddell,* 4th Dist. Lawrence No. 10CA27, 2011-Ohio-4629, fn.2 ("Indigency for purposes of affording counsel, and for purposes of paying fines, are separate and distinct issues").

{¶19} We agree that a distinction exists between the present ability to pay and the future ability to pay, as well as between a defendant's indigency and a defendant's inability to pay. However, we note that in *State v. Taylor,* 163 Ohio St.3d 508, 2020-Ohio-6786, 171 N.E.3d 290, the Supreme Court of Ohio held that, although a trial court may assess fees without making an ability-to-pay finding, those fees should not be included as part of a sentence for a criminal conviction and, instead, should be listed separately as a civil matter and in a separate entry. Because it appears that *Taylor* may be applicable in the case at bar, we believe that the trial court and the parties should have an opportunity to re-visit this issue. *See State v. Brooks*, 4th Dist. Athens No. 22CA17, 2024-Ohio-420, ¶ 35.

{¶20} Thus, based upon the foregoing reasons, we sustain, in part, appellant's second assignment of error.

III.

{¶21} In his third assignment of error, appellant asserts that

it is unlawful to deny appellate counsel a copy of Bridges' pre-sentence investigation report (PSI) to investigate, research and present issues for appeal.  Specifically, appellant asserts that Gallia authorities restrict counsel's opportunity to read the PSI to physically be present at the Gallia offices by appointment.  Appellant contends that this is burdensome because:

> It is 2.5 hours from the undersigned's office to the Gallia Courthouse, so the total trip is 5 hours.  The Gallia Commissioners have set per-case limits on appointed appellate work, so the 5-hour drive would consume 1/4 of the available fee- reducing time for research and writing. And, the undersigned could only read the PSI and make notes - he could not retain a copy to later reference during research.

{¶22} Appellant acknowledges that this court overruled a statutory argument on the right for counsel to inspect, receive, and retain a PSI copy for appeal in *State v. Cihon*, 2023-Ohio-3108, 223 N.E.3d 991 (4th Dist.) ¶ 26-31.  However, he argues that *Cihon* addressed whether appellate counsel could *access* the PSI, but did not address *inspection, receipt, and retention.*

{¶23} In *Cihon,* we held that although PSI protocols could create a hardship for appellant's counsel, as an intermediate appellate court, we may not depart from Supreme Court of Ohio directives and statutory requirements.  *Id.* at ¶ 31.  Thus, we held that appellate counsel is permitted access to the PSI, which must

be kept under seal, for appellant's first appeal as of right. *Id.* at ¶ 30.

R.C. 2951.03 provides:

(B)(1) If a presentence investigation report is prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report, except that the court shall not permit the defendant or the defendant's counsel to read any of the following:
(a) Any recommendation as to sentence;

(b) Any diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant;

(c) Any sources of information obtained upon a promise of confidentiality;

(d) Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person.

(2) Prior to sentencing, the court shall permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.

* * *

(4) Any material that is disclosed to the defendant or the defendant's counsel pursuant to this section shall be disclosed to the prosecutor who is handling the prosecution of the case against the defendant.

* * *

(D)(1) The contents of a presentence investigation report prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2 and the contents of any written or oral summary of a presentence investigation

report or of a part of a presentence investigation report described in division (B)(3) of this section are *confidential information and are not a public record.* The court, an appellate court, authorized probation officers, investigators, and court personnel, the defendant, the defendant's counsel, the prosecutor who is handling the prosecution of the case against the defendant, and authorized personnel of an institution to which the defendant is committed may inspect, receive copies of, retain copies of, and use a presentence investigation report or a written or oral summary of a presentence investigation only for the purposes of or only as authorized by Criminal Rule 32.2 or this section, division (F)(1) of section 2953.08, section 2947.06, or another section of the Revised Code.

(2) *Immediately following the imposition of sentence* upon the defendant, the defendant or the defendant's counsel and the prosecutor shall return to the court all copies of a presentence investigation report and of any written summary of a presentence investigation report or part of a presentence investigation report that the court made available to the defendant or the defendant's counsel and to the prosecutor pursuant to this section. The defendant or the defendant's counsel and the prosecutor shall not make any copies of the presentence investigation report or of any written summary of a presentence investigation report or part of a presentence investigation report that the court made available to them pursuant to this section. *11 (3) Except when a presentence investigation report or a written or oral summary of a presentence investigation report is being used for the purposes of or as authorized by Criminal Rule 32.2 or this section, division (F)(1) of section 2953.08, section 2947.06, or another section of the Revised Code, the court or other authorized holder of the report or summary shall retain the report or summary under seal. (Emphasis added).

R.C. 2953.01(B)(1) & (2) & (4) and (D)(1) & (2) & (3).

**{¶24}** We reaffirmed in *State v. Stutes,* 4th Dist. Gallia No.

22CA6 & 22CA7, 2023-Ohio-4582, that the statutory language is clear and unambiguous in that prior to sentencing, the defendant or his counsel and prosecution may review some parts of the PSI report. R.C. 2953.01(B)(1) & (4). Further, before sentencing the defendant and his counsel may comment on the PSI report and may even introduce evidence related to factual inaccuracies in the report. R.C. 2953.01(B)(2). However, "immediately following the imposition of sentence," the defendant, his counsel, and prosecution must return to the court all copies of the PSI report "and any of the written summary of a presentence investigation report [.]" R.C. 2951.03(D)(2). "This is because the PSI report contains 'confidential information and are not a public record.'" *Id.* at ¶ 47, citing R.C. 2951.03(D)(1). We interpreted access as the opportunity to review the PSI report and concluded that appellate counsel was not entitled to a copy of the PSI report. *Stutes* at ¶ 50. Consequently, we overrule appellant's final assignment of error.

{¶25} Accordingly, we hereby affirm the trial court's judgment in part, reverse the judgment in part, and remand the matter for further consideration of the imposition of court costs.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART AND REMANDED
FOR FURTHER PROCEEDINGS

CONSISTENT WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.  Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                              Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.