[Cite as *State v. Haruyama*, 2022-Ohio-4225.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-03-030 |
| | : | O P I N I O N |
| - vs - | | 11/28/2022 |
| | : | |
| JARED C. HARUYAMA, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2021-01-0019

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Law Office of John H. Forg, and John H. Forg, III, for appellant.

**PIPER, J.**

{¶1}   Appellant, Jared Haruyama, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to theft.

{¶2}   Haruyama was stopped by a loss prevention specialist at a supermarket after exiting the store without paying for a shopping cart full of items totaling $1,540.61. The Fairfield Police cited and charged Haruyama. He was then indicted by a Butler County

Grand Jury. The trial court held a plea hearing during which Haruyama entered a valid guilty plea to one count of theft in violation of R.C. 2913.02, a fifth-degree felony.

{¶3} The trial court ordered a presentence-investigative report, which revealed that Haruyama had a criminal history of violent and drug-related crimes. The trial court sentenced Haruyama to 10 months in prison. Haruyama now challenges his sentence, raising the following assignment of error for review:

{¶4} THE IMPOSITION OF A PRISON TERM IS INEFFECTIVE.

{¶5} Haruyama argues in his sole assignment of error that the trial court erred in sentencing him.

{¶6} He argues that the trial court's sentence will not be effective in deterring his future conduct. The trial court undoubtedly anticipates that Haruyama is incorrect. Should Haruyama's incarceration strengthen his resolve not to violate the law, or not to abuse controlled substances, the trial court's sentence may very well be effective. At this point, Haruyama's future after incarceration is not predictable. Yet we will examine Haruyama's sentence as to its lawfulness.

{¶7} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729. R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes, which are not at issue in this appeal, or that the sentence is otherwise contrary to law.

{¶8} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-

Ohio-2890, ¶ 8.

{¶9} After reviewing the record, Haruyama's sentence is not contrary to law. The trial court specifically noted in its sentencing entry and stated at the sentencing hearing that it had considered the overriding purposes and principles of felony sentencing according to R.C. 2929.11, and also had considered the seriousness and recidivism factors set forth in R.C. 2929.12. Furthermore, the trial court imposed the optional period of postrelease control, and the 10-month sentence is within the permissible statutory range for a fifth-degree felony under R.C. 2929.14(A)(5). Thus, the trial court's sentence was not contrary to law, and Haruyama's single assignment of error is overruled.

{¶10} Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.