[Cite as *State v. Lopez-Cruz*, 2023-Ohio-257.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-07-068 |
| | : | O P I N I O N |
| - vs - | | 1/30/2023 |
| | : | |
| MARCO LOPEZ-CRUZ, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2021-10-1299

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

The Law Office of Wendy R. Calaway, Co., LPA, and Wendy R. Calaway, for appellant.

**S. POWELL, J.**

{¶ 1} Appellant, Marco Lopez-Cruz, appeals the decision of the Butler County Court of Common Pleas sentencing him to the maximum 10-year prison term available after he pled guilty to rape of a girl under the age of 13. For the reasons outlined below, we affirm.

{¶ 2} On October 20, 2021, the Butler County Grand Jury returned a seven-count

indictment charging Lopez-Cruz with two counts of third-degree felony gross sexual imposition, two counts of third-degree felony sexual battery, and three counts of first-degree felony rape. Lopez-Cruz entered into a plea agreement with the state on May 19, 2022 and thereafter pled guilty to the charge of rape set forth in count three of the indictment. The indictment set forth the following facts underlying that charge:

> On or about February 16, 2005, through October 19, 2007, in Butler County, Ohio, Marco Lopez-Cruz did engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender when the other person is less than thirteen years of age, whether or not the offender knows the age of the other person, which constitutes the offense of RAPE, a First Degree Felony, in violation of R.C. §2907.02(A)(1)(b), and against the peace and dignity of the State of Ohio.

The bill of particulars provided additional information that alleged this rape occurred in the hallway of a residence located in Hamilton, Butler County, Ohio.

{¶ 3} On June 30, 2022, the trial court held a sentencing hearing. During this hearing, the trial court sentenced Lopez-Cruz to the maximum 10-year prison term available for the rape offense to which Lopez-Cruz had pled guilty, less 295 days of jail-time credit. The trial court also classified Lopez-Cruz a sexual predator and notified Lopez-Cruz that he would be subject to a mandatory five-year postrelease control term upon his release from prison. In issuing its sentencing decision, the trial court specifically stated that it had "considered the purposes and principles of sentencing" under R.C. 2929.11 and "balanced the recidivism and seriousness factors" found in R.C. 2929.12.

{¶ 4} Lopez-Cruz now appeals the trial court's decision sentencing him to that maximum 10-year prison term, raising the following single assignment of error for review.

{¶ 5} THE SENTENCE IMPOSED IS NOT SUPPORTED BY THE RECORD AND VIOLATES THE CONSTITUTIONAL PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT.

**{¶ 6}** In his single assignment of error, Lopez-Cruz argues it was error for the trial court to sentence him to the maximum 10-year prison term available because "a sentence of incarceration is not supported by the record." To support this claim, Lopez-Cruz argues the Ohio Supreme Court has determined that the standard of review set forth in R.C. 2953.08(G)(2) applies to the trial court's findings made under R.C. 2929.11 and 2929.12. However, contrary to Lopez-Cruz's claim, the Ohio Supreme Court has actually held the exact opposite. That is, "R.C. 2953.08(G)(2) does *not* permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11." (Emphasis added.) *State v. Bryant*, Slip Opinion No. 2022-Ohio-1878, ¶ 21.

**{¶ 7}** The Ohio Supreme Court reached this decision upon finding nothing within R.C. 2953.08(G)(2) that would permit this court "to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42. This court must therefore decline Lopez-Cruz's invitation to independently weigh the evidence in the record and substitute its judgment for that of the trial court. *See State v. Orender*, 12th Dist. Butler No. CA2021-12-149, 2022-Ohio-2823, ¶ 15. Accordingly, because there is nothing within R.C. 2953.08(G)(2) that permits this court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11, Lopez-Cruz's first argument lacks merit.

**{¶ 8}** In so holding, we note that the trial court's decision to sentence Lopez-Cruz to the maximum 10-year prison term available was not clearly and convincingly contrary to law. This is because the trial court took into consideration all relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its sentencing decision, properly notified

Lopez-Cruz that he would be subject to a mandatory five-year postrelease control term upon his release from prison, and sentenced Lopez-Cruz within the permissible statutory range available for the first-degree felony rape offense to which he pled guilty. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 9} Lopez-Cruz also argues the trial court's decision to sentence him to the maximum possible 10-year prison term constitutes cruel and unusual punishment.[1] It is well established, however, that "[a] sentence that falls within statutory limitations is not excessive and does not violate the constitutional prohibition against cruel and unusual punishment." *State v. Lemmings*, 12th Dist. Clinton No. CA2021-01-001, 2021-Ohio-3285, ¶ 28. Cruel and unusual punishments are instead "those that are so disproportionate to the offense as to shock the moral sense of the community." *State v. Bosman*, 12th Dist. Butler No. CA2001-05-101, 2002 Ohio App. LEXIS 85, *3-*4 (Jan. 14, 2002). A 10-year prison sentence for the rape of a child under the age of 13 comes nowhere near what it would take to shock the moral consciousness of the community. *See State v. Murrell*, 2d Dist. Montgomery No. 24717, 2012-Ohio-2108, ¶ 33 (finding an indefinite sentence of 10 years to life imprisonment for rape of child under 13 years did not constitute cruel and unusual punishment).

{¶ 10} The rape of a child is shocking, outrageous, abominable, and it has enduring effects on the child, thus necessitating a penalty equivalent to its enormity. *State v.*

---

1. The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Article I, Section 9 of the Ohio Constitution sets forth the same restriction against cruel and unusual punishments.

*Accorinti*, 12th Dist. Butler Case Nos. CA2012-10-205 and CA2012-11-221, 2013-Ohio-4429, ¶ 22 (finding "no evidence to even remotely suggest" that appellant's aggregate sentence of 20 years to life imprisonment for raping a 12-year-old girl "would shock the conscience of the community"). The trial court sentencing Lopez-Cruz to the maximum possible 10-year prison term available does just that. Therefore, given these well-established principles, the trial court's decision to sentence Lopez-Cruz to the maximum possible 10-year prison term does not constitute cruel and unusual punishment. Accordingly, Lopez-Cruz's second argument also lacks merit.

{¶ 11} For the reasons outlined above, and finding no merit to either of the two arguments raised by Lopez-Cruz herein, Lopez-Cruz's single assignment of error lacks merit and is overruled.

{¶ 12} Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.