[Cite as *State v. Gable*, 2024-Ohio-293.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2023-07-049<br>CA2023-07-050 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 1/29/2024 |
| CHRISTOPHER A. GABLE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2021 CR 0764

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender.

**M. POWELL, J.**

{¶ 1} Appellant, Christopher Gable, appeals the sentence he received in the Clermont County Court of Common Pleas following the revocation of his community control.

{¶ 2}   In January 2022, Gable pled guilty to two counts of nonsupport of dependents, fifth-degree felonies, in Case No. 2021 CR 0764 ("Case No. 0764").  Gable was placed in a diversion program, failed to successfully complete the diversion program, was found guilty of nonsupport of dependents, and was sentenced to a five-year term of community control.

{¶ 3}   In November 2022, Gable pled guilty to one count of aggravated possession of drugs, a fifth-degree felony, in Case No. 2022 CR 0413 ("Case No. 0413"); he was sentenced to a three-year term of community control.

{¶ 4}   In June 2023, Gable was charged with and admitted to community control violations in both cases.  On July 5, 2023, the trial court held a joint sentencing hearing for both cases.  The trial court revoked Gable's community control and sentenced him to a 12-month prison term on Count 1 and to a concurrent 12-month prison term on Count 2 in Case No. 0764, and to a 12-month prison term in Case No. 0413, and ordered that the sentences be served consecutively for an aggregate prison term of 24 months.

{¶ 5}   Gable now appeals, raising one assignment of error:

{¶ 6}   THE TRIAL COURT ERRED IN ORDERING APPELLANT'S TERMS OF IMPRISONMENT TO RUN CONSECUTIVELY.

{¶ 7}   Gable argues that the trial court erred in ordering his 12-month prison sentence in Case No. 0413 be served consecutively to his prison sentence in Case No. 0764 because the trial court failed to make the requisite findings at the sentencing hearing.

{¶ 8}   A felony sentence is reviewed under the standard in R.C. 2953.08(G)(2).  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  R.C. 2953.08(G)(2) states that an appellate court may modify or vacate a sentence if the court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law."  *Id.*

{¶ 9}  A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings required by R.C. 2929.14(C)(4).  *State v. Wood*, 12th Dist. Madison No. CA2018-07-022, 2020-Ohio-422, ¶ 9.  Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences*. Id.*  Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 10}  R.C. 2929.14(C)(4) does not direct when or where a sentencing court must make the consecutive sentence findings.  However, Crim.R. 32(A)(4) provides that "[a]t the time of imposing sentence, the court shall * * * [i]n serious offenses, state its statutory findings[.]"  Thus, Crim.R. 32(A)(4) mandates that the statutory consecutive sentence findings be made during the sentencing hearing.

{¶ 11}  In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, the Ohio Supreme

Court definitively answered the question, holding, "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *Id.* at ¶ 37. Citing Crim.R. 32(A)(4), the supreme court held that "a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *Id.* at ¶ 29. Providing notice of the findings during the sentencing hearing is crucial because it affords an offender an opportunity to challenge the findings and make a record for appeal. Notice of one or more of the necessary findings for the first and only time in the sentencing entry denies the offender this opportunity as the sentencing entry is a final appealable order which the sentencing court may not reconsider. *State v. Ivey*, 9th Dist. Summit No. 28162, 2017-Ohio-4162, citing *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636; *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562.

{¶ 12} In contrast to the requirement that the consecutive sentence findings be made during the sentencing hearing, inclusion of the findings in the sentencing entry is neither mandated by Crim.R. 32(A)(4) nor necessary to notify the offender and counsel of the findings. Incorporation of the findings into the sentencing entry is necessary to formalize and memorialize the findings. "[B]ecause a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry." (Citation omitted.) *Bonnell* at ¶ 29. That is, incorporation of the findings into the sentencing entry is a formality, albeit an important one.

{¶ 13} It is undisputed that the trial court included all the necessary findings under R.C. 2929.14(C)(4) to support the imposition of consecutive sentences in its July 6, 2023

- 4 -

sentencing entry in Case No. 0413.[1]  However, Gable asserts, and the state concedes, that the trial court failed to make the required necessity and proportionality findings at the sentencing hearing.

**{¶ 14}** At sentencing, the trial court stated the following regarding its decision to impose consecutive sentences:  "The Court's going to order and make a finding, based upon the totality under [R.C.] 2929.14(C)(4), that —small c—his history of criminal conduct demonstrates that a consecutive sentence is necessary to protect the public from future crime by the offender."  Based upon this language, it is clear the trial court did not address the first two factors in the three-step analysis—that is, the required necessity and proportionality findings— and only expressly found that Gable's history of criminal conduct justified a consecutive sentence under R.C. 2929.14(C)(4)(c).

**{¶ 15}** As we recently stated,

> The proportionality and criminal history findings differ in important respects and are addressed to different aspects of an offender's circumstances. The criminal history finding concerns the likelihood of recidivism based upon the offender's criminal history. The proportionality finding is not concerned with recidivism but with the offender's conduct in the commission of the offenses for which he is being sentenced and the menace he presents to society, separate and apart from his propensity to recidivate. Pursuant to the proportionality finding, the sentencing court must assess the nature and gravity of the offender's conduct and evaluate what consecutive sentence appropriately reflects the severity of the conduct involved in the commission of the offenses and the threat the offender poses to public safety. This finding is intended to guide the sentencing court's discretion in crafting a sentence that is neither excessive nor overly lenient.
>
> To summarize, the main difference between these two findings

---

1. The July 6, 2023 sentencing entry in Case No. 0413 states, "The Court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender.  The Court also finds that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  (c) The Court further finds the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime of the offender."

lies in their focus. The proportionality finding aims to ensure that the consecutive prison term aligns with the seriousness of the offense and potential danger the offender presents to society. The criminal history finding recognizes the potential risk associated with an offender's criminal history and determines whether a consecutive sentence is necessary to safeguard the public from future crimes. The proportionality and criminal history findings are distinct, and we may not assume that finding one satisfies the other. As this court has previously noted, even if it is likely the trial court did consider the proportionality analysis of R.C. 2929.14(C)(4), "the statute does not permit us to infer its consideration in this case." *State v. Volz*, 12th Dist. Clermont No. CA2022-06-028, 2022-Ohio-4134, ¶ 13 (consecutive sentences contrary to law where the trial court did not make the proportionality finding mandated by R.C. 2929.14[C][4]).

*State v. Halbert*, 12th Dist. Warren No. CA2023-03-027, 2023-Ohio-4471, ¶ 36-37.

**{¶ 16}** We therefore vacate that portion of the trial court's judgment imposing consecutive sentences and remand this matter to the trial court for resentencing. On remand, the trial court shall consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, shall make the required statutory findings on the record at resentencing and incorporate its findings into a sentencing entry. *Bonnell*, 2014-Ohio-3177 at ¶ 37; *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 16.

**{¶ 17}** Judgment reversed and the matter is remanded for the limited purpose of resentencing.

S. POWELL, P.J., concurs.

PIPER, J. dissents.

**PIPER, J., dissenting.**

**{¶ 18}** With respect for allegiance to precedent, occasionally prior decisions need to be re-examined. Often our governing precedent cannot be re-evaluated unless an opportunity presents itself. For similar reasons expressed in my dissent in *State v. Halbert*,

12th Dist. Warren No. CA2023-03-027, 2023-Ohio-4471, I also respectfully dissent herein.

{¶ 19} Again, I voice complaint regarding the manner in which trial courts have been instructed to implement consecutive sentences. R.C. 2929.14(C)(4) has been given an overly broad interpretation beyond notice to the offender of the statutory findings the trial court relied upon in fashioning the sentence. Where a defendant had notice of the trial court's findings and the sentence is unquestionably supported by the record, the sentence is not contrary to law. In those circumstances a new sentencing hearing is a vain act and unwarranted.

{¶ 20} I agree with the various opinions stating that *Bonnell* "interpreted" that R.C. 2929.14(C)(4) findings must be placed twice in the record, once when the sentence is orally pronounced and again in the entry. But as discussed in my *Halbert* dissent and in the *Bonnell* dissent, that interpretation is contrary to the plain reading of the statute which needs no interpretation. The record need only demonstrate the sentencing court had a sufficient reflective process guided by findings in R.C. 2929.14(C)(4). R.C. 2929.14(C)(4) requires the offender receive notice of the sentencing court's considerations via the record. It does not say where or when. Gable received notice by the sentencing court's entry of the statutory findings the court determined existed in supporting the sentence.

{¶ 21} The supreme court "promulgated Crim.R. 32(A)(4) as a guide to trial courts in complying with the sentencing provisions set forth in R.C. Chapter 2929." *Bonnell*, 2014-Ohio-3177 at ¶ 25. Crim R. 32(A)(4) is not to be interpreted as imposing obligations on a trial judge that the legislature has not mandated. *Id.* For example, Crim.R. 32 (A)(4) expressly requires a trial court state its reasons at the time of sentencing which support the sentence. Yet, *Bonnell* determined there was no statutory authority requiring such, "[t]hus, a trial court is not required by Crim.R. 32(A)(4) to give reasons supporting its decision to

impose consecutive sentences." *Id.* at ¶ 27. Similarly, since there is no legislative authority mandating consecutive findings be made at the oral pronouncement of sentencing, Crim. R. 32 (A)(4) cannot impose such an obligation as my colleagues suggest.

**{¶ 22}** Our majority decision's reliance on Crim. R. 32(A)(4) emphasizes the need for *Bonnell*'s clarification. While *Bonnell* interprets 2929.14(C)(4) as requiring the consecutive sentencing findings be repeated at the sentencing hearing *and* in an entry, the statute itself doesn't contain language to that effect. *Bonnell* also suggests that "a finding in these circumstances means only that 'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999). Simultaneously, *Bonnell* notes the trial court speaks through its journalized entries (which the trial court did herein) and that a word-for-word recitation of the statutory findings is not required. *Id.* at ¶ 29. As long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

**{¶ 23}** As in *Halbert,* Gable does not argue or even remotely suggest he was prejudiced. He suggests no legal harm and does not claim to be aggrieved by the sentence. Neither does he suggest the claimed error if corrected would have the reasonable probability of a different result. Gable does not allege that he was unfairly treated or that he didn't have notice as to why his sentence was consecutive. Gable has never suggested, before us or before the trial court, that his ongoing criminal history (as reflected upon by the trial court) does not merit a consecutive sentence. Gable does not argue that the sentencing court's entry is incorrect. It would be improper for a reviewing court to sua sponte ignore the trial court's entry.

- 8 -

{¶ 24} If a party is not aggrieved, there is no need of a remedy. Without harm or prejudice an error does not require correction. Since Gable does not suggest the trial court's entry failed to sufficiently notice him regarding why the court rendered a consecutive, vacating the sentence and remanding serves no purpose. Gable's criminal history supported a consecutive sentence as supported by the record and the trial court's journalized entry. A court speaks through its entries and therefore a new sentencing hearing becomes a vain act. *State v. Halsey*, 12th Dist. Butler No. CA2014-10-211, 2015-Ohio-3405, ¶ 14 (it is well established that a court speaks only through its journal entries); *State v. Harack*, 12th Dist. Clermont No. CA2011-01-003, 2011-Ohio-6021 (the law does not require vain acts). If we really thought the record clearly and convincingly required a different sentence, we could simply modify the sentence.

{¶ 25} The trial court had familiarity with Gable's track record of contempt for authority and the inability to conduct himself within legal boundaries. Despite the trial court's multiple efforts to help Gable, the record demonstrates Gable's failures to appear before the court and to the probation department. Capiases had to be issued and violations of community control resulted. Significant mental health and drug abuse issues persisted and continued to interfere with any rehabilitation. While Gable chose street drugs instead of financially trying to support his children, it cannot be said he wasn't given opportunities to redeem himself. It is not as though the sentencing court had no concern for Gable or his rehabilitation—quite the opposite. The record reflects the trial court and Gable were on good terms. However, on the outside Gable is a danger to himself and to the public, yet with the sentence as pronounced, the court determined rehabilitation was only possible with sufficient incarceration. We do not presume a court rendered a sentence greater than necessary. The record demonstrates Gable understood his sentence and neither he, nor

his counsel, had any objection.

{¶ 26} Gable presents his claimed error for the first time on appeal. Defendants cannot hold their cards only to later play a hand of no consequence on appeal. Such equates to invited error or at the very least results in a plain error standard of review. A plain error review does not require an automatic default determination that a sentence was contrary to law. R.C. 2929.14(C)(4) confers no substantive or constitutional right, only a statutory procedural right of notice to the offender that the court considered the statutory findings. Since the procedure here supplied that notice, there is no error.

{¶ 27} We can only vacate a sentence if we clearly and convincingly find the defendant's sentence is not supported by the trial court's findings or it was contrary to law. R.C.2953.08(G)(2). There was no error in the trial court's sentence as pronounced and journalized. R.C. 2929.14(C)(4) was sufficiently addressed and considered. Thus, the sentence was not contrary to the law and was supported by the court's findings. If there was error, any claimed error was invited error and therefore it was waived as not asserted. If it wasn't an invited error, it certainly was a harmless error that does not require the sentence to be vacated. Therefore, I would not vacate the sentence and ask that it be repeated; doing so undermines judicial economy and efficiency. I would affirm the trial court's decision ordering the sentences to be served consecutively.