[Cite as *State v. Metz*, 2024-Ohio-1635.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-09-109 |
| | : | O P I N I O N |
| - vs - | | 4/29/2024 |
| | : | |
| PATRICK EDWARD METZ, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2023-03-0459

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

L. Patrick Mulligan & Associates L.L.C., and Brandon A. Moermond and Frank Matthew Batz, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Patrick Edward Metz, appeals the decision of the Butler County Court of Common Pleas imposing consecutive sentences upon him following his guilty pleas to three counts of third-degree felony gross sexual imposition. For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2} On April 5, 2023, the Butler County Grand Jury returned a multi-count indictment against Metz charging him with various sex offenses. Several months later, on August 1, 2023, Metz entered into a plea agreement with the state and thereafter pled guilty to three counts of third-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(4). Pursuant to that statute, no person shall have "sexual contact" with another, not the spouse of the offender, where the other person "is less than thirteen years of age, whether or not the offender knows the age of that person." The three counts to which Metz pled guilty were set forth in Counts 2, 5, and 8 of the indictment.

{¶ 3} According to the bill of particulars, those three counts arose after it was alleged Metz, who at that time was already a registered sex offender, had engaged in sexual contact with an 11-year-old girl by "touching her breast and/or vaginal area with his hands" (Count 2); with an eight-to-ten-year-old girl by "touching her vaginal area with his hands and/or having [the child] touch his penis with her hand" (Count 5); and a 12-year-old girl by "grabbing her butt with his hand" (Count 8). All three counts were alleged to have occurred in Trenton, Butler County, Ohio over the course of several years between August 3, 2019 to January 8, 2023.

{¶ 4} On September 7, 2023, the trial court held a sentencing hearing where, after making the necessary consecutive sentencing findings required by R.C. 2929.14(C)(4), sentenced Metz to 60 months in prison on Count 2, with an additional 54 months in prison on both Counts 5 and 8, all to be served consecutively for a total, aggregate sentence of 168 months in prison, less 155 days of jail-time credit. In so doing, the trial court stated:

> Now, the Court has considered many things in determining
> that these sentences shall run consecutive. * * * The Court
> will find that the presumption as to concurrent sentences has
> been rebutted. The consecutive sentences are necessary to
> protect the public from future crime and to adequately punish

- 2 -

this Defendant, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct or the danger the offender poses to the public. The Court will further find that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by this Defendant.

**{¶ 5}** The trial court also stated:

In the eyes of the Court, this Defendant manipulates those people around him to abuse and take advantage of defenseless minors. And it's depraved. And in the eyes of this Court, Mr. Metz has some of the most despicable behavior that this Court has observed in relation to these types of cases in a long time. And I think if you're given your freedom and you're out in the community, I have grave concerns that you will continue to victimize innocent people. So you'll serve the sentence that the Court has imposed. I made findings, I believe, in the eyes of this Court, should support consecutive sentences.

**{¶ 6}** The trial court additionally ordered Metz to pay court costs, classified Metz as a Tier II sex offender, and notified Metz that he would be subject to a mandatory five-year postrelease control term upon his release from prison. The record indicates that Metz has a scheduled prison release date of April 1, 2037.

**{¶ 7}** On September 8, 2023, the trial court issued its judgment of sentencing entry. Within that entry, the trial court reiterated the consecutive sentence findings it had made at the previous day's sentencing hearing. Specifically, the trial court stated within that entry:

The Court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court also finds that:

● Consecutive Sentences are necessary to protect the public from future crime

● Consecutive Sentences are necessary to punish the defendant

● The defendant's history of criminal conduct

- 3 -

demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

**Metz's Appeal and Single Assignment of Error**

{¶ 8} On September 25, 2023, Metz filed a timely notice of appeal from the trial court's judgment of sentencing entry. Metz's appeal now properly before this court for decision, Metz has raised one assignment of error for review. In his single assignment of error, Metz argues the trial court erred by imposing consecutive sentences in this case. To support this claim, Metz argues the trial court's consecutive sentence findings made in accordance with R.C. 2929.14(C)(4) were not supported by the record, thereby rendering his sentence contrary to law and mandating reversal in accordance with R.C. 2953.08(G)(2)(a). We disagree.

*Consecutive Sentencing Standard of Review*

{¶ 9} "A felony sentence is reviewed under the standard set forth in R.C. 2953.08(G)(2)." *State v. Downing*, 12th Dist. Butler No. CA2023-04-044, 2024-Ohio-381, ¶ 12. Pursuant to R.C. 2953.08(G)(2)(a):

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * *:
>
> (a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * *.

{¶ 10} The language set forth in R.C. 2953.08(G)(2)(a) is "plain and unambiguous." *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851 at ¶ 24. It "mandates that an appellate court may increase, reduce, or otherwise modify consecutive sentences only if the record does not 'clearly and convincingly' support the trial court's R.C.

2929.14(C)(4) consecutive-sentence findings." *Id.* at ¶ 13. The term "clear and convincing evidence" means "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. Therefore, "an appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *Gwynne* at ¶ 15. This is because "[t]he clear-and-convincing standard for appellate review in R.C. 2953.08(G)(2)[a] is written in the negative." *Id.* at ¶ 13.

**{¶ 11}** R.C. 2929.14(C)(4) sets forth the required consecutive sentence findings the trial court must make prior to imposing consecutive sentences. *State v. Richey*, 12th Dist. Clermont Nos. CA2022-08-038 thru CA2022-08-041, 2023-Ohio-336, ¶ 15. The trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. The trial court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *State v. Heard*, 12th Dist. Butler Nos. CA2014-02-024, CA2014-02-025, and CA2014-05-118, 2014-Ohio-5394, ¶ 10. The trial court must further find "that at least one or more of the aggravating factors in R.C. 2929.14(C)(4)(a) through (c) are present." *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, ¶ 205; *State v. Liming*, 12th Dist. Clermont Nos. CA2018-05-028 and CA2018-05-029, 2019-Ohio-82, ¶ 25. Those three circumstances are:

> (a) The offender committed one or more of the multiple

offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} "R.C. 2929.14(C)(4) does not direct when or where a sentencing court must make the consecutive sentence findings." *State v. Gable*, 12th Dist. Clermont Nos. CA2023-07-049 and CA2023-07-050, 2024-Ohio-293, ¶ 10. The Ohio Supreme Court, however, has definitively answered that question and determined that, to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. The trial court is also "not required to use the exact language set forth in the sentencing statute when making findings under R.C. 2929.14(C)(4)." *State v. Downing*, 12th Dist. Butler No. CA2023-04-044, 2024-Ohio-381, ¶ 16. Therefore, because a "word-for-word recitation" of the language set forth in R.C. 2929.14(C)(4) is not required, *State v. Halbert*, 12th Dist. Warren No. CA2023-03-027, 2023-Ohio-4471, ¶ 33, so long as this court "can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the [trial court's] findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29; *State v. Warnock*, 12th Dist. Madison No. CA2023-02-001, 2024-Ohio-382, ¶ 65.

*Metz's Arguments and Analysis*

{¶ 13} Metz argues the trial court erred by imposing consecutive sentences because the record does not clearly and convincingly support the trial court's finding consecutive sentences were necessary to protect the public from future crime or to adequately punish him. Metz also argues the record does not clearly and convincingly support the trial court's finding consecutive sentences were not disproportionate to the seriousness of his conduct.

{¶ 14} To support these claims, Metz argues the trial court's imposition of consecutive sentences was unnecessary because he "is not a serial rapist," and although he had been convicted of "sex related offenses" involving a minor in the past, this was "the first instant of sexual conduct" with children under the age of 13 and "with someone he was not dating." Metz also argues consecutive sentences were improper because there was nothing in the record to indicate his conduct caused any of his three victims—who, as noted above, were alleged to be between the ages of eight to 12 years old—to suffer "mental abuse" or have the potential for "future psychological harm." This is in addition to Metz arguing that the imposition of consecutive sentences was inappropriate because he "has the support of his family," he was "providing for his family," and he had been "engaged in the community prior to sentencing."

{¶ 15} However, after a thorough review of the record, and when applying the appropriate standard of review set forth in R.C. 2953.08(G)(2)(a), we find the trial court's consecutive sentence findings made pursuant to R.C. 2929.14(C)(4) were not clearly and convincingly unsupported by the record. The record instead fully supports the trial court's decision finding the imposition of consecutive sentences was necessary in this case to protect the public from future crime by Metz or to adequately punish Metz. The same is true as it relates to the trial court's decision finding the imposition of consecutive sentences was not disproportionate to the seriousness of Metz's conduct in this case.

{¶ 16} Metz sexually abused three young girls who were all under the age of 13. The record indicates that Metz was able to do this by taking advantage of his close relationship and physical proximity to the victims and their families. This abuse occurred despite Metz already being a registered sex offender for committing sex related offenses involving a minor in the past. Such a history presents a significant likelihood that Metz may engage in similar behavior in the future, thus supporting the trial court's findings. Likewise, the fact that Metz abused three children over a period of years, in secret, suggests that Metz may one day seek to engage in similar acts in the future, out of the eye of sex offender monitoring efforts. Additionally, while we find it noble for Metz's family to continue to support him, we fail to see how this reduces the threat that Metz poses simply because he "has the support of his family," he was "providing for his family," and had been "engaged in the community prior to sentencing."

{¶ 17} In so holding, we note that as part of his appellate brief, Metz argues that by this court issuing a decision finding the trial court complied with the requirements of R.C. 2929.14(C)(4) "by making a few simple statements on the record, without any foundation," we are effectively opening the door for an "unlimited number of sentences that are questionable and disproportionate to the serious of the offender's conduct." Metz also argues that it simply "could not have been the legislature's intent to allow for such severe punishment without a detailed explanation" of the trial court's "reasoning" when the trial court imposes consecutive sentences under R.C. 2929.14(C)(4).[1] But, as noted

---

1. We note that, also as part of his appellate brief, Metz takes issue and expresses some concern over the trial court referring to his conduct in sexually abusing three young girls under the age of 13 as "depraved" and "despicable" at sentencing. This court does not express those same concerns, nor do we have any such reservations with the language the trial court used, as we believe any grown man engaging in such acts with young children is, in fact, both depraved and despicable. *See generally State v. Lopez-Cruz*, 12th Dist. Butler No. CA2022-07-068, 2023-Ohio-257, ¶ 10 ("[t]he rape of a child is shocking, outrageous, abominable, and it has enduring effects on the child, thus necessitating a penalty equivalent to its enormity").

above, it was the Ohio Supreme Court that determined, to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, *but it has no obligation to state reasons to support its findings*." (Emphasis added.). *Bonnell*, 2014-Ohio-3177 at ¶ 37.

{¶ 18} It was also the Ohio Supreme Court that determined, so long as this court "can discern that the trial court engaged in the correct analysis," and "can determine that the record contains evidence to support the [trial court's] findings," the trial court's imposition of consecutive sentences in a case "should be upheld." *Id.* at ¶ 29. Therefore, because this court can discern that the trial court engaged in the correct analysis, and can determine that the record contains evidence to support the trial court's findings, the trial court's imposition of consecutive sentences in this case should be, and will be, upheld. To hold otherwise would effectively be giving Metz a "free pass" with respect to two out of the three child victims that he was convicted of sexually abusing. *See State v. Iverson*, 12th Dist. Butler No. CA2022-08-076, 2023-Ohio-1601, ¶ 26 ("[i]f the trial court had sentenced [appellant] to concurrent sentences, such a sentence would have effectively given [appellant] a 'free pass' with respect to his [sexual] abuse of one of his daughters").

## Conclusion

{¶ 19} For the reasons outlined above, and finding no merit to any of the arguments raised by Metz herein, Metz' single assignment of error lacks merit and is overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.

- 9 -