[Cite as *State v. Rogg*, 2024-Ohio-6057.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-04-034 |
| | : | O P I N I O N |
| - vs - | | 12/30/2024 |
| | : | |
| THOMAS MICHAEL ROGG, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2023 CR 000437


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Roger W. Kirk, for appellant.



**HENDRICKSON, J.**

{¶ 1}   Appellant, Thomas Michael Rogg, appeals from the sentence he received in the Clermont County Court of Common Pleas following his guilty plea to the illegal conveyance of drugs of abuse onto the grounds of a specified government facility.  For the reasons set forth below, we affirm appellant's sentence.

{¶ 2}   On May 14, 2022, appellant was taken to the Clermont County Jail on a

parole holder. During processing at the jail, appellant denied being in possession of drugs or any other contraband. However, during a strip search, a plastic baggie was removed from appellant's buttocks and found to contain 1.64 grams of methamphetamine.

{¶ 3} Appellant was subsequently indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree, and one count of the illegal conveyance of drugs of abuse onto the grounds of a specified government facility in violation of R.C. 2921.36(A)(2), a felony of the third degree. On March 13, 2024, appellant pled guilty on the illegal conveyance charge in exchange for the state dismissing the aggravated possession charge and the state agreeing to remain silent at sentencing. Following a Crim.R. 11(C) plea colloquy, the trial court accepted appellant's plea and found him guilty. The court ordered a presentence-investigative report (PSI) and scheduled sentencing for April 4, 2024.

{¶ 4} At the sentencing hearing, the court heard from defense counsel and appellant. Defense counsel noted that appellant had been dealing with the death of his mother, wife, and daughter around the time of the illegal conveyance offense, appellant was addicted to drugs and alcohol, and appellant was interested in obtaining treatment for his addictions. Defense counsel recognized that appellant had a lengthy criminal history, but argued community control would be an appropriate sanction given that appellant took full responsibility for his actions and had expressed a desire for treatment. Appellant then spoke, acknowledging that he had a "horrible record" and has been breaking the law for nearly 40 years. Appellant indicated he accepted responsibility for the drug offense and asked the court "for a chance to have a program" to address his dependency issues.

{¶ 5} After hearing from defense counsel and appellant, the trial court indicated it had reviewed the PSI, considered the record, the underlying facts and circumstances of

the offense, and "considered the purposes and principles of felony sentencing under [R.C.] 2929.11 and the seriousness and recidivism factors under 2929.12." The court found that there was nothing making the illegal conveyance offense more or less serious than conduct normally constituting the offense. However, with respect to the risk of recidivism, the court found "recidivism is highly likely." The court commented that appellant has "one of the worst criminal records that I've had in front of me in my time on the Common Pleas bench. I don't mean any disrespect by that; it is what it is."

{¶ 6} The court proceeded to discuss appellant's lengthy history, noting that appellant's unlawful behavior had started in 1985, when appellant was a juvenile, and had continued through the most recent offense. From 1985 to 1989, while a juvenile, appellant had twice been found delinquent for auto theft, found delinquent for felony escape three separate times, and had delinquency adjudications for criminal trespass, assault, resisting arrest, robbery, aggravated burglary, grand theft, and felony drug abuse. Upon reaching adulthood, appellant was convicted of burglary, escape, assault, inducing a panic, possessing drug abuse instruments, OVI, falsification, having weapons while under disability, and multiple counts of aggravated burglary, breaking and entering, theft, and robbery. Appellant had been given the opportunity at shock probation and community control over the years, but he violated the terms of his release multiple times. He also violated parole multiple times. Based on appellant's criminal history and his risk of recidivism, the trial court concluded appellant was not amenable to community control and that a prison sentence was consistent with the purposes and principles of felony sentencing. The court imposed a 24-month prison term and up to two years of discretionary postrelease control.

{¶ 7} Appellant appealed his sentence, raising the following as his sole assignment of error:

{¶ 8} THE TRIAL COURT ERRED TO [APPELLANT'S] PREJUDICE BY IMPOSING A MORE THAN MINIMUM 24 MONTH PRISON SENTENCE [SIC] WHICH IS NOT SUPPORTED BY THE RECORD AND IS CONTRARY TO LAW.

{¶ 9} Appellant concedes that the 24-month prison term imposed by the trial court is within the statutory range for a felony of the third degree. He nonetheless contends his sentence is clearly and convincingly contrary to law as the sentence is not commensurate with the seriousness of his conduct and does not serve the overriding purposes of felony sentencing. Appellant contends a community control sanction or a minimum prison term is the more appropriate sanction as his conduct harmed no one, he was remorseful, he took responsibility for his conduct, and his extensive criminal history was the product of his drug addiction.

{¶ 10} A felony sentence is reviewed under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Pursuant to R.C. 2953.08(G)(2), an appellate court can modify or vacate a sentence only if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

"A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range.'" *State v. Haruyama*, 2022-Ohio-4225, ¶ 8 (12th Dist.), quoting *State v. Ahlers*, 2016-Ohio-2890, ¶ 8 (12th Dist.).

{¶ 11} "R.C. 2953.08(G)(2) does *not* permit an appellate court to conduct an

independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11." (Emphasis added.) *State v. Bryant*, 2022-Ohio-1878, ¶ 21, citing *State v. Jones*, 2020-Ohio-6729, ¶ 41-42. The supreme court reached this conclusion in *Jones* after noting that nothing within the statute permits an appellate court to "independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. *See also State v. Lopez-Cruz*, 2023-Ohio-257, ¶ 7 (12th Dist.).

{¶ 12} Given the supreme court's holding in *Jones*, we are precluded from reviewing a felony sentence where, as here, appellant's sole contention is that the trial court failed to properly consider or weigh the factors of R.C. 2929.11 and 2929.12 in imposing a sentence. *Lopez-Cruz* at ¶ 7; *State v. Pack*, 2023-Ohio-3200, ¶ 25-26 (12th Dist.). Instead, our review is limited to determining whether the sentence imposed is contrary to law. Having reviewed the record in the present case, we find that the 24-month sentence imposed on appellant was not clearly and convincingly contrary to law as the court took into consideration all relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its decision, properly imposed postrelease control, and sentenced appellant within the permissible statutory range for a third-degree felony pursuant to R.C. 2929.14(A)(3)(b).[1] Appellant's sole assignment of error is, therefore, overruled.

{¶ 13} Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.

---

1. Pursuant to R.C. 2929.14(A)(3)(b), "[f]or a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."